

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00410-CR

Daniel Shane **LOCKLIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. 23-CRD-10
Honorable Baldemar Garza, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:        Lori I. Valenzuela, Justice
            Adrian A. Spears II, Justice
            H. Todd McCray, Justice

Delivered and Filed: July 31, 2026

AFFIRMED

Appellant Daniel Shane Locklin appeals his convictions for four counts of injury to a child causing serious bodily injury and four counts of injury to a child causing bodily injury. In a single issue, Locklin challenges the trial court's refusal to answer the jury's questions regarding concurrent sentences and alleged procedural defects in the subsequent cumulation order. Because we conclude the trial court did not abuse its discretion and properly entered the cumulation order, we affirm.

**BACKGROUND**

Appellant was charged in a single indictment with eight offenses arising from repeated acts of abuse committed against the same child over several months. The jury found appellant guilty on all counts. During punishment deliberations, the jury sent the trial court the following written questions:

1. Are Counts 1, 2, 3, and 4 concurrent?
2. Are Counts 5, 6, 7, and 8 also concurrent?

The trial court responded:

> The Court, under the law, is not permitted to answer the question
> you have presented. Please consider the instructions that have been
> given you and continue with your deliberations.

The jury subsequently assessed punishment at twelve years' imprisonment on each of the serious bodily injury counts (counts I through IV) and five years' imprisonment on each of the bodily injury counts (counts V through VIII).

After the jury returned its punishment verdicts and was discharged, the State urged its previously filed notice requesting cumulation of sentences. The trial court then orally pronounced sentence in appellant's presence, ordering that counts I through IV "will be cumulative" and that counts V through VIII would run concurrently with those sentences. The court thereafter signed a written order specifying that count II would begin upon completion of count I, count III upon completion of count II, and count IV upon completion of count III. The court further ordered that counts I, V, VI, VII, and VIII would run concurrently. Appellant now challenges the cumulation order.

**STANDARD OF REVIEW**

We review a trial court's decision to cumulate sentences for an abuse of discretion. *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). As long as the imposition of cumulative sentences is legally authorized, a trial judge's discretion to cumulate is absolute. *Id*. (quoting *Smith*

*v. State*, 575 S.W.2d 41 (Tex. Crim. App. 1979)). We will find an abuse of discretion only where the trial court "applies an erroneous legal standard or when no reasonable view of the record supports the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion." *Nicholas v. State*, 56 S.W.3d 760, 764 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

## ANALYSIS

Although sentences imposed for offenses arising out of the same criminal episode generally run concurrently, the Legislature has created exceptions for offenses involving injury to a child. *See* TEX. PENAL CODE ANN. § 3.03(a), (b). Relevant to this case, section 3.03(b)(6)(A) authorizes consecutive sentences for convictions under section 22.04(a)(1) that are punishable as first-degree felonies. *See id*. §§ 3.03(b)(6)(A); 22.04(a)(1), (e). Locklin was convicted of multiple counts of intentionally and knowingly causing serious bodily injury to a child under section 22.04(a)(1), an offense punishable as a first-degree felony under 22.04(e). Accordingly, the trial court had statutory authority to order those sentences to run consecutively. *See id*.; *see also Haden v. State*, No. 06–16–00141–CR, 2017 WL 2178897, at *8 (Tex. App.—Texarkana May 18, 2017, pet. ref'd).

Although Locklin presents a single issue, he advances two distinct complaints. He argues the trial court erred by refusing to answer the jury's questions regarding concurrent sentences and also by signing the written cumulation order after orally pronouncing sentence.

### A. Jury Questions

Locklin first argues the trial court erred by refusing to answer the jury's questions regarding whether the sentences would run concurrently. We disagree. A trial court is required to respond to a jury's question only when it seeks additional instruction on the law applicable to the case. TEX. CODE CRIM. PROC. article 36.27. Here, the jury's role during punishment was to determine the

appropriate sentence for each individual count. However, the jury's questions did not concern the law governing the punishment to be assessed for each offense. Instead, they concerned whether any sentences ultimately imposed would run concurrently or consecutively—a determination committed to the trial court, not the jury. *See Barrow v. State*, 207 S.W.3d 377, 382 (Tex. Crim. App. 2006) (holding decision regarding whether to run a defendant's sentences consecutively or concurrently lies "firmly within the discretion of the trial court").

Texas courts have repeatedly recognized that a trial court should not instruct the jury regarding the possibility of cumulated sentences because doing so improperly invites the jury to consider matters beyond its role in assessing punishment. *See Grimaldo v. State*, 692 S.W.3d 792, 803–04 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.); *Copeland v. State*, No. 04-21-00321-CR, 2022 WL 16625847, at *2 (Tex. App.—San Antonio Nov. 2, 2022, no pet.) (mem. op., not designated for publication); *Grizzle v. State*, No. 10-14-00204-CR, 2015 WL 222349, at *5 (Tex. App.—Waco Jan. 15, 2015, pet. ref'd) (mem. op., not designated for publication). Accordingly, because the jury's questions concerned a matter outside its function, the trial court acted within its discretion by declining to answer them and directing the jury to continue its deliberations under the charge previously given.

### B. Pronouncement of Cumulation Order

Appellant next argues the written order to cumulate was untimely because it was signed after the court orally pronounced sentence. Again, we disagree.

A defendant has a due process right to be present when sentence is pronounced. TEX. CODE CRIM. PROC. art. 42.03, § 1(a). When a defendant is convicted of more than one offense in the same proceeding, the trial court's oral pronouncement must include whether the sentences will run concurrently or consecutively. *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). Should the oral pronouncement of sentence and the written judgment vary, the oral pronouncement

controls. *Id.*; *Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018). Thus, a trial court must exercise its authority to cumulate sentences during the sentencing proceeding; it may not later modify an already imposed sentence by adding a cumulation order. *Madding*, 70 S.W.3d at 136.

In *Madding*, on which Locklin relies, the trial court orally stated Madding's sentence would run concurrently with another sentence but did not sign the written judgment for fifty-two days after the sentence commenced. *Id.* at 133. When the written judgment was entered, it stated that the two sentences would run consecutively. *Id.* The Court of Criminal Appeals held that Madding had due process right to expect that the sentence he heard orally pronounced and had begun to serve was the same sentence that he would ultimately be required to serve. *Id.* at 136.

The record in this case demonstrates precisely the opposite of what occurred in *Madding*. After the jury returned its punishment verdicts and was discharged, the trial court heard argument from both parties regarding the State's motion to cumulate the sentences. The trial court then orally pronounced sentence in appellant's presence, stating:

> It'll be the order of the court that counts 1, 2, 3, 4 will be cumulative.
> It will also further be the order of the court that counts 5, 6, 7, and 8
> shall run concurrent with the punishment for Counts 1, 2, 3, and 4.

After making that pronouncement, the trial court remanded appellant to the custody of the sheriff and ordered that the sentence commence as pronounced. Later the same day, the trial court conducted another hearing in chambers. Locklin and the State were present in person and Locklin's counsel and the court reporter were present via telephone. At this hearing, the trial court memorialized its previous cumulation order in writing. The written order merely specified the sequence necessarily contemplated by the oral pronouncement—that count II would begin after count I, count III after count II, and count IV after count III.

Thus, unlike *Madding*, the trial court did not attempt to revise the punishment after sentencing had concluded. Instead, it exercised its statutory authority to determine whether the

sentences would run concurrently or consecutively during the sentencing proceeding itself and in appellant's presence. The fact that the trial court signed the order of cumulation and the written judgment subsequent to the oral pronouncement is immaterial where those writings did nothing to enlarge or modify the sentence already pronounced. The written order provided explanatory details of the cumulation order and memorialized, rather than altered, the sentence previously pronounced in open court. *See id*.; TEX. CODE CRIM. PROC. article 42.01 § 1.

Furthermore, in line with the dictates of *Madding*, Locklin was present during both the oral pronouncement and the hearing at which the order was signed, leaving no room for any argument regarding lack of notice. *See Madding*, 70 S.W.3d at 136. Nevertheless, Locklin contends that he did not have adequate notice of the cumulation because the oral pronouncement failed to specify the precise sequence in which counts I through IV would be served. The record does not support this assertion. Although the trial court did not identify each count individually, its oral pronouncement that counts I through IV "will be cumulative" unmistakably conveyed that those four twelve-year sentences would run consecutively. Accordingly, we find no error in the trial court's oral pronouncement of sentence nor in its execution of the written cumulation order.

## CONCLUSION

The trial court acted within its discretion by declining to answer the jury's questions concerning a matter committed exclusively to the court, timely exercised its authority to cumulate appellant's sentences during the sentencing proceeding, and later entered a written order consistent with its oral pronouncement. We therefore overrule appellant's sole issue and affirm the trial court's judgments.

H. Todd McCray, Justice

DO NOT PUBLISH